```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF EMPIRE STATE CARPENTERS
ANNUITY, APPRENTICESHIP,
LABOR-MANAGEMENT COOPERATION,
PENSION, and WELFARE FUNDS,

                    Plaintiffs,
                                              MEMORANDUM & ORDER
          -against-                           13-CV-6116(JS)(GRB)

KND CONSTRUCTION CORP., KRILL
CONTRACTING, and NEW GRANGE
CONTRACTING CORP.,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Charles R. Virginia, Esq.
                   Richard B. Epstein, Esq.
                   Michael Howard Issac, Esq.
                   Virginia & Ambinder LLP
                   40 Broad Street, 7th floor
                   New York, NY 10004

For Defendants:    No appearances.
```

SEYBERT, District Judge:

Plaintiffs Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension, and Welfare Funds ("Plaintiffs") commenced this action against defendants KND Construction Corp. ("KND"), Krill Contracting ("Krill") and New Grange Contracting Corp. ("New Grange," and together with KND and Krill, "Defendants"), seeking to confirm an arbitration award entered in Plaintiffs' favor. Plaintiffs now move for an order striking KND's Answer and directing the Clerk of the Court to enter certificates of default against each

Defendant.  (Docket Entry 25.)  For the following reasons, Plaintiffs' motion is GRANTED.

BACKGROUND

Plaintiffs commenced this action on November 4, 2013. On January 17, 2014, KND, through its former counsel, filed an Answer to the Complaint.  (Docket Entry 10.)  Krill and New Grange have not answered or otherwise responded to the Complaint.

On March 27, 2014, KND's former counsel filed a motion to withdraw from his representation of KND.  (Docket Entry 16.) On April 24, 2014, the Court granted counsel's motion and stayed this action for sixty days to allow KND to retain new counsel. (Docket Entry 22.)  The sixty-day stay elapsed on June 23, 2014. No attorney entered an appearance on KND's behalf during the stay.  On July 14, 2014, Plaintiffs filed the present motion for an order striking KND's Answer and directing the Clerk of the Court to enter certificates of default against Defendants. (Docket Entry 25.)

However, before the Court could address Plaintiffs' motion, KND's owner, Patrick Kenny, filed a letter requesting an additional forty-five days to obtain new counsel.  (Docket Entry 31.)  On October 2, 2014, the Court reserved judgment on Plaintiffs' motion to strike and ordered KND to obtain new counsel within thirty days.  The Court further specified that it

2

would not grant any further extension of time for KND to obtain counsel. To date, KND has not obtained new counsel.

DISCUSSION

Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend,'" City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011), and has specifically held that "where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55," Grace v. Bank Leumi Trust Co., 443 F.3d 180, 192 (2d Cir. 2006). This is so because "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). Additionally, a "failure to obey a court order to obtain counsel to allow a case to proceed can constitute a failure to defend" and may warrant the striking of a defendant's answer. Walter S. Johnson Bldg. Co. v. Majewski, No. 09-CV-1083, 2011 WL 5040672, at *2 (W.D.N.Y. Oct. 21, 2011).

3

Here, KND was initially represented by counsel and filed a timely Answer. However, the Court relieved KND's counsel over seven months ago and stayed this action for sixty days to allow KND to obtain new counsel. KND failed to obtain counsel within that time period. The Court subsequently ordered KND to obtain counsel by November 3, 2014. KND still has not appeared through counsel. Accordingly, because seven months have passed since KND's counsel withdrew and because KND has twice failed to comply with this Court's directives to retain counsel, Plaintiffs' motion to strike KND's Answer is GRANTED. The Clerk of the Court is directed to enter a certificate of KND's default. See Eagle Assoc. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991) ("Having determined that the district court properly ordered [the corporate defendant] to appear through counsel, it was appropriate to enter a default judgment when [corporate defendant] willfully disregarded the district court's order."); Dow Chem. Pac. Ltd. v. Rascator Maritime S.A., 782 F.2d 329, 336 (2d Cir. 1986) ("There is no question that the default in favor of [the plaintiff] was properly entered; [the corporate defendant] had failed to comply with the court's [order to obtain new counsel] . . . "); Shapiro, Bernstein & Co. v. Cont'l Record Co., 386 F.2d 426, 427 (2d Cir. 1967) ("[W]e note that for eight months prior to the motion and for well over a year prior to the decision below, defendant was under an order

4

of the district court to appoint counsel so that this case could proceed to trial. Without question, such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.'"); Next Proteins, Inc. v. Distinct Beverages, Inc., No. 09-CV-4534, 2012 WL 314871, at *2 (E.D.N.Y. Feb. 1, 2012) ("[B]ecause over seven months has passed since counsel for [the corporate defendant] withdrew from this case, and because [the corporate defendant] has since failed to appear by counsel, despite numerous allowances by this Court, plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b) is hereby granted against [the corporate defendant]."); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 123–24 (E.D.N.Y.2011) (granting default judgment where "both the corporate and individual Defendants ignored this Court's order to seek substitute counsel by a given date and subsequently did not respond to the Court's Order to Show Cause").

Plaintiffs also request that the Court direct the Clerk of the Court to enter certificates of default against Krill and New Grange. Plaintiffs have filed affidavits of service indicating that Plaintiffs served Krill and New Grange with Summonses and the Complaint through the Secretary of State on November 15, 2013. (Docket Entries 5, 6.) As noted, Krill and New Grange have not answered the Complaint and therefore have also "failed to plead or otherwise defend." FED. R. CIV. P.

55(a). Accordingly, the Clerk of the Court is directed to enter certificates of Krill's and New Grange's default as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for an order striking KND's Answer and directing the Clerk of the Court to enter certificates of default for each Defendant is GRANTED. The Clerk of the Court is directed to enter certificates of default for each Defendant.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    November  28 , 2014
           Central Islip, New York